UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANEEL WALKER and<br>GAIL ALSTON,<br><br>    Plaintiffs,<br><br>    v.<br><br>LORRAINE THOMAS,<br><br>    Defendant. | Civil Action No. 14-cv-515 (CKK) |

MEMORANDUM OPINION
(October 13, 2015)

Chaneel Walker and Gail Alston ("Plaintiffs") filed the Complaint in the above-captioned action on March 27, 2014 against Defendant Lorraine Thomas ("Defendant"). *See* Compl., ECF No. [1]. Presently before the Court is Plaintiffs' Motion for Default Judgment ("Motion"). *See* ECF No. [20]. For the reasons stated below, the Court DENIES WITHOUT PREJUDICE Plaintiffs' Motion for Default Judgment.

## I.   BACKGROUND

This is the second action that Plaintiffs have filed against Defendant concerning the allegations raised in Plaintiffs' Complaint. In the first suit, Plaintiffs sued Defendant and Innovative Concept Solutions International, Inc. ("ISCI"), which at the time was a commercial enterprise owned and operated by Defendant. *Walker v. Innovative Concept Solutions International* ("*Walker I*"), 1:12cv02046, Compl. ¶ 15 (Dec. 12, 2012), ECF No. [1]. The Court dismissed without prejudice the claims against Defendant for failure to serve the summons and complaint upon Defendant. *See Walker I*, Order (May 29, 2013), ECF No. [13]. As to the claims against ISCI, the Court twice denied without prejudice Plaintiffs' motions for default

judgment on the basis that Plaintiffs failed to include evidentiary support for its damages claims. *See Walker I*, Order (July 3, 2013), ECF No. [18], Order (Nov. 27, 2013), ECF No. [21]. When provided the opportunity to file a third motion for default judgment, Plaintiffs failed to do so, and the Court dismissed Plaintiffs' claims against ISCI for want of prosecution. *See Walker I*, Order (Jan. 13, 2014), ECF No. [23].

Plaintiffs commenced the present action against Defendant on March 27, 2014, approximately two months after the Court's order dismissing Plaintiffs' claims against ISCI.[1] Plaintiffs allege that ISCI was as a corporation authorized to do business under the laws of Maryland, but forfeited its status in 2001 for failure to pay property taxes. Compl. ¶ 15. As such, ICSI operated as a sole proprietorship of Defendant, with Defendant remaining personally liable for the debts and actions of ICSI. *Id*. On September 2, 2014, Defendant filed for bankruptcy in the United States Bankruptcy Court for the District of Maryland in case number 1:14-bk-23662. Pls.' Mem. in Support of Pl.'s Mot. for Relief from Stay Exhibit 1 (Jan. 2, 2015), ECF No. [15]. Defendant's bankruptcy petition initially named Plaintiffs, along with the Department of Labor and this Court, as creditors; however, on September 16, 2014, Defendant amended her bankruptcy petition to exclude those parties from her list of creditors. *Id*. Exhibits 3-4. On December 22, 2014, Defendant received a discharge of indebtedness, and the Bankruptcy Court closed the case. *Id*. Exhibits 7, 8. At no time did Defendant seek to add Plaintiffs back to her list of creditors after filing her Amended Petition. *Id*. at 2. Accordingly, Defendant's alleged debts to Plaintiffs were not discharged. *Id*.

On March 26, 2015, Plaintiffs filed affidavits supporting an entry of default against

---

[1] Plaintiffs' Complaint and supporting exhibits are virtually identical to the complaint and supporting exhibits filed in their earlier action.

2

Defendant in this matter. ECF No. [17], [18]. On March 27, 2015, the Clerk of the Court entered a default against Defendant. ECF No. [19]. On April 21, 2015, Plaintiffs filed the present [20] Motion for Default Judgment.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that the Clerk of the Court must enter a party's request for a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). After a default has been entered by the Clerk, a party may move the court for a default judgment. Fed. R. Civ. P. 55(b)(2). "The determination of whether default judgment is appropriate is committed to the discretion of the trial court." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

Upon entry of default by the clerk of the court, the "defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co. Inc.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (internal citation omitted). "Although the default establishes a defendant's liability, the court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain." *Id.* (citing *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001)). Accordingly, when moving for a default judgment, the plaintiff must prove its entitlement to the amount of monetary damages requested. *Id.* "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.* (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

### III.  DISCUSSION

The Court denies without prejudice Plaintiffs' Motion for Default Judgment. Plaintiffs fail to provide sufficient evidence to prove their entitlement to the amount of monetary damages requested. Plaintiffs seek (1) unpaid wages; (2) unpaid vacation hours; (3) liquidated damages under the Fair Labor Standards Act ("FLSA") and the District of Columbia Wage Payment and Collection Law ("DCWPCL"); and (4) attorneys' fees and court costs.

#### A. Plaintiffs have provided no evidence upon which the Court may award damages for Plaintiffs' unpaid wages.

In Plaintiffs' Motion, Plaintiffs state that they have not been paid for a set number of hours worked in 2012. Apparently as evidence to support this assertion, Plaintiffs provide time sheets for the weeks in which they allege in their pleadings they were not paid. *See* Compl. Exhibits H, J, L. However, the time sheets standing alone are not evidence that Plaintiffs were not paid for the time worked. Plaintiffs' other supporting documents go no further to show that Plaintiffs were not paid for the time worked. Attached to Plaintiffs' Motion is a declaration by Plaintiffs' attorney that includes counsel's calculation of the total amount of unpaid wages based upon counsel's review of Plaintiffs' time sheets. *See* Pls.' Mot. Ralls Decl. Counsel's declaration, however, is insufficient because counsel does not have personal knowledge as to which hours Plaintiffs worked without compensation. Similarly, the emails and letters submitted by Plaintiffs concern pay periods between 2008 and December 2011, but do not indicate that Plaintiffs were not paid for the hours in question between January 27, 2012 and April 27, 2012. *See* Compl. Exhibits A, B.[2]

Plaintiffs also failed to provide Plaintiff Walker's time sheets for the weeks ending in

---

[2] Plaintiffs' filings also fail to include any information explaining the source or authenticity of the exhibits attached to Plaintiffs' complaint.

4

April 20, 2012, and April 27, 2012, for which they allege Plaintiff Walker was never paid. *See* Compl. Exhibit H. Thus, Plaintiffs have presented no evidence that Plaintiff Walker worked during these time periods. In addition, Plaintiffs' Complaint states that Plaintiff Alston was employed with ICSI "until March 2012," yet Plaintiffs provide time sheets from Plaintiff Alston which correspond to four weeks in April 2012. *See* Compl. Exhibit L. These four weeks in April are also included in Plaintiff Alston's request for unpaid wages. *See* Compl. ¶ 30. The Court is confused by this inconsistency and requests clarification from Plaintiffs. Plaintiffs' Complaint and Motion also state that Plaintiff Alston's hourly wage was $25.89 in 2012, but Plaintiffs have provided no evidence in support of this allegation.

In sum, Plaintiffs have submitted no evidence showing that Plaintiffs were not paid for the hours they recorded or, at the very least, a sworn affidavit by Plaintiffs attesting under oath that they were not paid for these specific hours. Plaintiffs only allege they were not paid for these hours in their Complaint and in their Motion; however, statements in pleadings are not sufficient evidence to prove Plaintiffs' entitlement to damages. *See R.W. Amrine Drywall Co, Inc.*, 239 F.Supp.2d at 30.[3] To the extent that documentary evidence does not exist or is unavailable, Plaintiffs do not indicate as much in their Motion or supporting exhibits. Accordingly, there is no evidence upon which the Court may award damages for Plaintiffs' unpaid wages.[4]

---

[3] Although the well-pleaded allegations in the complaint are deemed to be admitted for the purposes of determining liability, the Court must make an independent determination of the sum to be awarded. *See R.W. Amrine Drywall Co, Inc.*, 239 F.Supp.2d at 30. In making this independent determination, the Court "may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.*

[4] The Court also raised these evidentiary issues concerning Plaintiffs' unpaid wages when it decided Plaintiffs' Motions for Default Judgment in *Walker I. See* Order (July 3, 2013), ECF No. [18], Order (Nov. 27, 2013), ECF No. [21].

### B. Plaintiffs have provided no evidence upon which the Court may award damages for Plaintiff Walker's unpaid vacation hours.

Plaintiffs allege that Defendant failed to pay Plaintiff Walker for 240 hours of vacation to which she was entitled, but was never allowed to take. However, Plaintiffs entirely fail to provide any evidence supporting this claim for damages. Plaintiffs have not submitted any document, such as an employee contract or handbook or statement of company policy, establishing the amount of vacation to which Plaintiff Walker was entitled, nor any document or sworn affidavit attesting to the amount of vacation that Plaintiff Walker was not allowed to use and is thus due to be paid. Again, Plaintiffs cannot rely simply on their allegations in pleadings to prove their entitlement to these damages. *See W. Amrine Drywall Co, Inc.*, 239 F.Supp.2d at 30. To the extent that such documentary evidence does not exist or is unavailable, Plaintiffs have not so indicated. At minimum, Plaintiffs should file a sworn affidavit signed by Plaintiff Walker or another party with personal knowledge, attesting to the amount of vacation that Plaintiff Walker was not allowed to use and is thus due to be paid. Consequently, there is no evidence upon which the Court may award damages for Plaintiff Walker's unpaid vacation hours.[5]

### C. The Court cannot award liquidated damages because Plaintiffs have not provided sufficient evidence to calculate the amount of unpaid wages and unpaid vacation hours.

Without sufficient evidence to calculate the amount of unpaid wages and vacation hours due Plaintiffs, the Court cannot calculate the liquidated damages to which Plaintiffs may be entitled under the FLSA or the DCWPCL.

---

[5] The Court also raised these evidentiary issues concerning Plaintiff Walker's vacation hours when it decided Plaintiffs' Motions for Default Judgment in *Walker I*. *See* Order (July 3, 2013), ECF No. [18], Order (Nov. 27, 2013), ECF No. [21].

### D. The Court may not award attorneys' fees and court costs at this time because the Court has not awarded a judgment to Plaintiffs.

Plaintiffs also seek attorneys' fees and court costs under the FLSA and the DCWPCL. Plaintiffs have provided evidence of these attorneys' fees and court costs in the form of the Ralls Declaration. *See* Pls.' Mot. Ralls Decl. However, under both the FLSA and the DCWPCL, a court shall award attorneys' fees and court costs only "in addition to any judgment awarded to the [prevailing] plaintiff. . . ." 29 U.S.C. § 216(b), D.C. Code § 32–1308(a). Here, the Court has not awarded a judgment to Plaintiffs. Accordingly, the Court may not award attorneys' fees and court costs at this time.

### IV. CONCLUSION

As Plaintiffs have failed to provide sufficient evidence of the damages to which they claim they are entitled, the Court DENIES WITHOUT PREJUDICE Plaintiffs' [20] Motion for Default Judgment. By no later than **November 15, 2015**, Plaintiffs shall file a revised motion under Federal Rule of Civil Procedure 55(b)(2). In their revised motion, Plaintiffs shall, at a minimum, provide sworn affidavits from Plaintiffs, or another party with personal knowledge of the circumstances alleged in this case, attesting under oath to (1) the amount of hours that Plaintiffs worked but were not paid, (2) the hourly wage due to Plaintiff Alston, and (3) the amount of vacation hours that Plaintiff Walker was not allowed to use and is thus due to be paid. Plaintiffs, in their revised motion and affidavits, shall also (4) identify each of the exhibits attached to Plaintiffs' complaint, (5) attest to their authenticity, and (6) indicate how the Court should consider the documents in determining a damage award. If Plaintiffs do not file a revised motion for default judgment by that date, this decision will stand and the case will be dismissed. This is the last opportunity the Court will afford Plaintiffs to provide proof of their requested

damages.

An appropriate Order accompanies this memorandum opinion.

/s/
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE